IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DANIEL DELANE COOK,           )
                              )
            Plaintiff,        )
                              )
    v.                        )          CV 124-196
                              )
MS. COLON; MRS. LAROWE; and   )
WARDEN PHILBIN,               )
                              )
            Defendants.       )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    **SCREENING THE COMPLAINT**

      A.    **BACKGROUND**

Plaintiff names as Defendants: (1) Ms. Colon, Deputy Warden of Care and Treatment, (2) Mrs. LaRowe, Medical Director, and (3) Warden Philbin, Head Warden. (Doc. no. 1, pp. 1-3.) Plaintiff's complaint consists of eight pages of rambling, disjointed, and incoherent allegations haphazardly covering nearly every inch of most pages of the complaint form. (See id. at 3-9.) When asked "what federal constitutional or statutory right(s) do you claim is/are

being violated by state or local officials" to support this § 1983 suit, Plaintiff wrote, in relevant, part, "job duty negligence and uncaring unprofessionalism (but) that of prejudicial biasness and systematic tyranny as well." (Id. at 3.)  To the extent the Court can discern the substance of Plaintiff's complaint, he appears to allege he suffers from back and neck pain resulting from "a terrible mishaps accident" in 2022.  (See generally id.)  Plaintiff alleges Mrs. LaRowe sent Plaintiff to a neurologist for treatment but lacked care and professionalism in her treatment of Plaintiff.  (See id. at 5.)  He further alleges at an unspecified time, he "died[,] flat-lined completely," but was "brought back to life again."  (Id. at 4, 6.)  Beyond these assertions, Plaintiff's complaint is entirely incoherent and provides no further dates or factual details to support Plaintiff's allegations.  (See, e.g., id. at 4 ("After several numerous uncountable medical appointments and serious physical neck c.4 nerve problems which painfully can't actually be described (though) mainly my head-brain diverse however, in all honesty, it appears as if I've been somewhat seize who's being forcibly and suddenly taken advantage of quite unlawfully by those authoritated voices of the four corners of the powers that be."); see generally id.) The Court identifies no mention of Defendants Ms. Colon or Warden Philbin in Plaintiff's complaint, other than listing them as Defendants.  (See generally id.)  For relief, Plaintiff requests Mrs. LaRowe's termination and ten million dollars.  (Id. at 5.)

## B.    DISCUSSION

### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325

(1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w]' that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2.**    **Plaintiff's Complaint Is Frivolous and Fails to State a Claim**

As discussed above, Plaintiff fails to connect the named Defendants with any factually supported allegation of wrongdoing and his complaint consists entirely of incoherent and rambling allegations.  To the extent Plaintiff attempts to raise claims against Mrs. LaRowe for her treatment of Plaintiff, he provides "unadorned, the-defendant-unlawfully-harmed-me accusations" that are clearly baseless considering the scant details Plaintiff does provide.  Iqbal, 556 U.S. at 678.  Plaintiff's factual and legal claims "lack[] an arguable basis either in law or in fact."  Neitzke, 490 U.S. at 325, 327.  Thus, Plaintiff's complaint is frivolous and fails to state a claim for relief that is plausible on its face.  See Iqbal, 556 U.S. at 678; Denton v. Hernandez, 504 U.S. 25, 32-33 ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." (internal citations omitted)); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Moreover, given the patent frivolity and baselessness of Plaintiff's complaint, the Court finds it would be futile to require Plaintiff to amend his complaint.  See Jeffus v. Mahl, No. 22-12040, 2024 WL 832295, at *2 (11th Cir. Feb. 28, 2024) (per curiam) ("[T]he court need not grant a plaintiff leave to amend his complaint when further amendment would be futile.  Leave to amend is futile when the complaint as amended would still be dismissed.  The question in such cases is not whether the plaintiff has stated a claim, but instead, 'when all is said and done, he can do so.'" (citations omitted) (quoting Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019))).  As such, Plaintiff's complaint should be dismissed.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA